*1072 Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 30, 2012, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was unable to file a valid original claim.
Claimant, a substitute teacher and math tutor, filed three claims for unemployment insurance benefits, effective June 9, 2008, June 15, 2009 and June 21, 2010. Although initially deemed eligible for benefits in each instance, following this Court’s decision in Matter of Leazard (TestQuest, Inc. — Commissioner of Labor) (74 AD3d 1414, 1415-1416 [2010]), the Department of Labor issued revised decisions finding that claimant’s earnings in connection with tutoring services through TestQuest, Inc. could not be utilized as covered employment to establish his claims given that tutors such as claimant were independent contractors. As a result, claimant was denied unemployment insurance benefits on the three claims on the basis that he did not meet the necessary requirements for filing valid original claims in each instance. Furthermore, notwithstanding the absence of any fault on the part of claimant, the decision charged claimant with a recoverable overpayment of federal emergency unemployment compensation funds.* Following a hearing, an Administrative Law Judge upheld the decision, which the Unemployment Insurance Appeal Board affirmed. Claimant appeals.
As the record establishes that claimant did not have sufficient covered earnings to file a valid original claim pursuant to Labor Law § 527 in either his base period or alternate base period for any of the three claims, substantial evidence supports the Board’s decision (see Matter of Ankhbara [Commissioner of Labor], 105 AD3d 1244, 1244-1245 [2013]). Although claimant maintains that he was erroneously considered an independent contractor in connection with earnings received from tutoring services through TestQuest, Inc. and that such funds should be utilized as covered employment to establish his claim, we cannot agree. As noted earlier, TestQuest, Inc. tutors such as claimant were deemed by this Court to be independent contractors (Matter of Leazard [TestQuest, Inc. — Commissioner of Labor], 74 AD3d at 1415-1416), which decision is conclusive and binding upon all such persons employed by TestQuest, Inc. (see *1073 Labor Law § 620 [1] [b]). As such, those earnings cannot qualify for inclusion as remuneration in the base periods (see Matter of Ankhbara [Commissioner of Labor], 105 AD3d at 1244).
Further, the Board’s finding that claimant was overpaid emergency benefits funds is supported by substantial evidence and will not be disturbed (see id. at 1245). Claimant’s remaining contentions are without merit.
Rose, J.E, Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

 The issue of whether claimant was eligible for a waiver of recoverability of those benefits was referred back to the Department of Labor and is not at issue on this appeal.